[Civ. No. 93.   Third Appellate District.—February 9, 1906.]

## EXCHANGE BANK, Respondent, v. ANNIE VEIRS et al., Defendants, ANNIE VEIRS, Appellant.

PROMISSORY NOTE—EVIDENCE ESTABLISHING PRIMA FACIE CASE.—In an action on promissory notes, evidence by the plaintiff that it was the owner and holder of the notes, that they had been duly signed, executed and delivered by the defendant, that they were due and unpaid, coupled with the introduction of the notes in evidence, establishes a *prima facie* case.

ID.—FINDING OF EXECUTION—CONFLICTING EVIDENCE.—A finding by the trial court that the defendant signed the notes in question, based upon conflicting expert evidence, and an inspection and comparison by the judge of the signatures, will not be interfered with on appeal, notwithstanding the denial by the defendant of their execution.

ID.—PRESUMPTION AS TO TIME OF DELIVERY.—A note is presumed to have been delivered to the holder thereof before its maturity.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.   A. G. Burnett, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, and J. R. Leppo, for Appellant.

W. E. McConnell, and J. A. Barham, for Respondent.

BUCKLES, J.—This is an action to recover on two promissory notes, one dated January 21, 1901, for $200, and one dated March 30, 1901, for $300, both notes alleged to have been given by L. L. Veirs and Annie Veirs, and payable to the Exchange Bank.   L. L. Veirs was not served with summons, personally or otherwise, and made no appearance; the service of summons was on Annie Veirs, solely, who appeared and answered for herself only.   By her answer she denied that she signed, or authorized anyone to sign, the said notes, and avers that she had no knowledge of the signing and delivery of either of the notes mentioned, and also avers that if such notes were in existence with her name appearing

thereon, that it was forged and that she had never in any way permitted, or acknowledged, or ratified the signing or delivery of either of the said notes, and denied being indebted thereon to plaintiff. The case was tried by the court without a jury. The findings of the court were that both of the said notes were signed and delivered by both of said defendants to the said Exchange Bank in consideration of the principal sum named in each having been loaned by plaintiff to defendants; that her name was not forged, but was signed by her, and that she authorized the delivery of the said notes; and that the signing and delivery thereof were all known to her, and done with her authority and consent, and that she signed her name as maker of said notes; that the plaintiff was the owner and holder of said notes, and that the demand prayed for is now due and unpaid. When plaintiff rested its case, defendants moved for a nonsuit, which was denied. Judgment was for the plaintiff and against the appellant. The appeal is from the judgment and from an order denying a new trial. The appellant attacks each one of the findings on the ground that the evidence does not justify them. The evidence comes up in a bill of exceptions. There are a great many assignments of error as to the admission of testimony, but from the view we take of this case, it will not be necessary to examine many of them.

Nonsuit: The plaintiff had proved itself to be the owner and holder of the notes; had produced testimony tending to show a due signing and execution of the notes by the appellant, and delivery to it; that the notes were due and unpaid; and placed said notes in evidence and had thus made out a *prima facie* case. The nonsuit was, therefore, properly denied. Does the evidence justify the findings? L. L. Veirs and appellant Annie Veirs were living together as husband and wife, having been married in 1897. L. L. Veirs had been engaged in the butcher business in Santa Rosa, and disappeared on November 13, 1903, had not been heard of since and was not present at the trial, and no evidence was given by him. There was no evidence that anyone witnessed Annie Veirs sign her name to either of the notes, and she was never in the Exchange Bank.

Appellant was a witness at the trial, testified that she did not sign the notes, and did not authorize anyone else to sign her name thereto, and never saw either of the notes until

shown to her at the trial and never heard of them until suit was commenced. There were at the trial two expert witnesses on handwriting, Carl Eisenschimel for the plaintiff, who testified: "I am a professional examiner of forgeries and questions in handwriting; also professor of penmanship and teacher of handwriting, and in the business for thirty years." Said he had photographed and had enlarged Annie Veirs' signature, admitted to be genuine, and also the one signed to the notes, and then declared, in his opinion, the questioned signatures to the two notes in suit to be in the handwriting of the person who wrote the name of Annie Veirs to the papers admitted to be her genuine signature. In other words, that the name of Annie Veirs signed to the two notes sued on, were not forged, but were written there by Annie Veirs. This witness went into many details as to shaping of the letters in the name, and explained in detail how he reached the conclusion that the signatures were both genuine; that is, made by the same hand which wrote the name where it is admitted to have been written by her. Many objections were made to the testimony of this witness, but we think that the rulings of the court were correct in each instance. The defendant called as her expert witness on handwriting Theodore Kytka, of San Francisco, and presumably all parties were satisfied as to his qualifications, for he was not asked to state them. This witness went into detail as to the making of the letters in the name Annie Veirs as signed to the two notes and as signed to other exhibits which were admitted to contain her genuine signature, and also gave testimony as to peculiarities in L. L. Veirs' signature. He nowhere says the name Annie Veirs signed to the two notes was not signed by her, but such is reasonably inferred from what he says about the shaping of the letters and so forth. Here we have two experts, with doubtless the same degree of learning and ability in their profession, having submitted to them the same thing, and each declaring in favor of the theory held by the side by whom he was called. The evidence given by each may or may not be entitled to equal weight, but that is a question for the trial court who observed them upon the witness-stand. To say the least, the testimony of these two professional experts creates a most substantial conflict in the evidence in the vital point in the case, and the lower court seems to have determined the matter according to the evidence of

Eisenschimel. The notes, with other papers and notes bearing the defendant's signature, some admitted to be genuine and many others claimed to be forgeries, used at the trial below, are before us, and would not warrant us in saying the conclusions reached were erroneous. The learned trial judge made an inspection and comparison of the signatures, and, in his opinion, says on the point (*Castor* v. *Bernstein*, 2 Cal. App. 703, [84 Pac. 244]): "The decisive circumstance, in my mind, however, is the appearance of the signature itself. I cannot resist the conclusion that Annie Veirs wrote her name as it appears on the notes in controversy. The peculiarities of her handwriting, in my judgment, are manifest. Every time it is examined, the conclusion is strengthened that no other hand than hers wrote it. It might be difficult to properly analyze this conviction so as to be entirely satisfactory to those entertaining a different opinion, but it is the result of careful examination of all the evidence presented during the trial." If Annie Veirs signed these notes, as the court found that she did, then the presumption that she delivered them, after signing, to her husband to be delivered to the bank is not overcome. There is a presumption that a note was delivered to the holder thereof before its maturity. (Edwards on Bills and Promissory Notes, 188; Daniel on Negotiable Instruments, 2d ed., sec. 65.)

There were many other witnesses, business men, who had a large experience in comparing handwriting, and passing upon the same, testified on both sides, some that the signature on the notes was genuine, and others with equal experience who testified that such signatures were not made by Annie Veirs. But whether the appellant's name was signed by her own hand to these notes, or was put there by her husband, and without her knowledge, authorization, or consent, we are precluded from saying because of the well-settled rule that where there is a substantial conflict in the evidence, the appellate court will not disturb the judgment of the lower court. Under this rule we are bound to hold the evidence sufficient to support the findings, and as the findings uphold the judgment, we must affirm the same.

Judgment and order affirmed.

Chipman, P. J., and McLaughlin, J., concurred.